No. 280

HOBSTETTER v. LAWRENCE CO.

(Bd. of Comm.)

No. 19614. Supreme Court

On motion to certify. Dock. Feb. 16, 1926; 4 Abs. 112.

**1053. ROADS & HIGHWAYS**—Is 6865 GC. requiring a survey and report of a prospective road to the county commissioners by the surveyor, mandatory or merely directory?

Melvin Wilson, filed a petition with the County Commissioners of Lawrence County, praying for a township road which would pass over the property of Catherine Hobstetter. On June 2, 1924, at a meeting of the Commissioners, the petition was read and thereupon a motion was passed that they view said proposed road on July 8, 1924, and that the auditor advertise this view and a hearing on July 9, 1924.

At a meeting on July 7, 1924 (one day before the day fixed for the view) the commissioners recite that they viewed said road on July 8, (one day after the meeting) and that "the county engineer afterwards recommending to the county commissioners that the said road be built, a hearing upon the same was allowed on July 9." Then follows a recital "that they were determined to open said road and they fixed August 4, at 1:00 P. M. as a day set for property owners to present claims for damages." The above constitutes the entire record of the county commissioners.

## PUBLISHER'S COLUMN
# The Ohio Law Abstract

Entered as second class matter, February 28, 1923,
at the Post Office, Cleveland, Ohio,
under the Act of March 3, 1879

Issued Every Wednesday 50 Weeks of the Year

SUBSCRIPTION PRICES AND TERMS

One year (50 issues) Payable in Advance.......$15.00
Single Numbers ............................ .35

When cash is mailed to us in advance
20 per cent discount

THE LAW ABSTRACT COMPANY
Office Editorial Rooms and Library
13916 Euclid Avenue, Cleveland, O.
Address all mail communications to
P O. Box 2455, East Cleveland Sta.

By this action Hobstetter seeks a reversal of the order of the commissioners and an injunction restraining the commissioners from proceeding with the construction of the road. The Court of Appeals rendered judgment for the commissioners.

Hobstetter, in the Supreme Court contends:

1. That a board of county commissioners is a court of record and its acts can be proven only by its record.

2. That 6865 GC. is mandatory and not merely directory and that the provisions contained therein must be complied with and followed, or any proceeding thereunder is void and of no effect.

Attorneys—Johnson & Jones, for Hobstetter; Andrews & Edwards, for commissioners; all of Ironton.

---

Statement of the Ownership, Management, Circulation, Etc., Required by the Act of Congress of August 24, 1912.

Of The Ohio Law Abstract, published weekly at Cleveland, Ohio, for April 1, 1926.

State of Ohio, County of Cuyahoga, ss.

Before me, a Notary Public in and for the State and County aforesaid, personally appeared J. F. Laning, who, having been duly sworn according to law, deposes and says that he is the Business Manager of The Ohio Law Abstract, and that the following is, to the best of his knowledge and belief, a true statement of the ownership, management (and, if a daily paper, the circulation), etc., of the aforesaid publication for the date shown in the above caption, required by the Act of August 24, 1912, embodied in Section 443, Postal Laws and Regulations, printed on the reverse of this form, to-wit:

1. That the names and addresses of the publisher, editor, managing editor, and business manager are:

Publisher, The Law Abstract Co., Cleveland, Ohio, Editor, J. F. Laning, Business Manager, J. F. Laning, Cleveland, Ohio.

2. That the owner is: The Law Abstract Company, a corporation, and the names and addresses of the stockholders owning or holding one per cent or more of the total amount of stock are:

C. F. Laning, Cleveland, Ohio; M. W. Laning, Cleveland, Ohio; S. R. Laning, Cleveland Ohio; Robert Lanius, Lorain, Ohio; J. F. Laning, Cleveland, Ohio, and S. H. Torrey, Cleveland, Ohio.

3. That the known bondholders, mortgagees and other security holders owning or holding 1 per cent or more of total amounts of bonds, mortgages, or other securities are:

None.

4. That the two paragraphs next above, giving the names of the owners, stockholders, and security holders, if any, contain not only the list of stockholders as they appear upon the books of the company as trustees or in any other fiduciary relation, the name of the person or corporation for whom such trustees is acting, is given; also that the said two paragraphs contain statements embracing affiant's full knowledge and belief as to the circumstances and conditions under which stockholders and security holders who do not appear upon the books of the company as trustees, held stock and securities in a capacity other than that of a bona fide owner; and this affiant has no reason to believe that any other person association or corporation has any interest direct or indirect in the said stock, bonds, or other securities than so stated by him.

J. F. LANING, Business Manager.

Sworn to and subscribed before me
this 27th day of March, 1926.

IRVING KLEIN, Notary Public.
My commission expires October 14, 1926.

---

# THIS WEEK'S DIGEST
## Cases Published in the Abstract

**106. ASSIGNMENTS**

1. As between two claiming assignees of a fund, does priority depend upon priority of time, or priority of notice to the debtor, assuming that the second assignee acted in good faith and for value?

2. When Bank loans money to contractor for furtherance of his project and takes an assignment on strength of such loan, which is entitled to priority in financial returns, the bank, or a surety having taken an assignment under an alleged agreement of idemnity, and not having suffered a loss? (1139). Home Bk. & Tr. Co. v Perrysburg, OS. Pend. 4 Abs. 211.

**114. ATTORNEY AND CLIENT**

The must be an express or implied agreement between an attorney and his client before latter will be held liable for services rendered. Zurich Ins. Co. v Warner, OA. 4 Abs. 203.

**147. BILLS AND NOTES**

1. Where an endorsee acquires note after maturity, he takes it subject to all the personal defenses of makers.

2. Where there is a valid defense by maker against endorser, such defense is good against endorsee taking after maturity. Spitz v Worman, OA. 4 Abs. 204.

**291. CONSTITUTIONAL LAW**

Sections 5611-1 and 5611-2 GC. are unconstitutional in so far as they grant the power to a Common Pleas Court to hear in review, an error proceeding from the findings of the State Tax Commission. Stanton v Tax Commission, OA. 4 Abs. 202.

**235. CHARGE TO JURY**

In a suit for damages arising from an automobile accident at night; is it prejudicial error to refuse to charge the jury that it is negligence to so keep an automobile under control when driving in the night season that it may be stopped within the range of vision permitted by the lights? Weyer v Duncanson, OS. Pend. 4 Abs. 213.

Where the charge is both correct and incorrect upon any one issue, has prejudicial error (465) been committed? Cincin. Trac. Co. v Reshing, OS. Pend. 4 Abs. 214.

**313. CORPORATIONS**

In a suit against a corporation for breach of a written contract is it necessary to show that the officer who executed the contract for the corporation has express authority so to do in order to recover for the breach? Euclid-Windsor Co. v Ford-McCaslin Co., OS. Pend. 4 Abs. 211.